State, Bodine et al., Pros., v. Common Council of Trenton.

THE STATE, DANIEL B. BODINE ET AL., PROS., v. THE COMMON COUNCIL OF THE CITY OF TRENTON.

1. The return of surveyors of the highways laying out a public road, dated November 18th, 1833, marked filed in office of county clerk, December 7th, 1833, and recorded in Vol. 2 of the record of roads The date of filing is not conclusive evidence of the date of transmission, and it will be presumed after the lapse of so many years, from the fact that the return actually was recorded, that the Court of Common Pleas had adjudicated that it was filed in season, and that question cannot be raised in this collateral proceeding.

2. The 78th section of the road act (*Nixon* 836) does not apply to the city of Trenton.

3. An encroachment on a street cannot be legalized by mere lapse of time.

4. The common council cannot delegate to the street commissioner the power of ascertaining the boundaries of streets, where they are in doubt. This is in the nature of a judicial function, and must be exercised by the council by ordinance, with special reference to the street to be opened, and a mode provided in which parties to be affected may be heard.

On *certiorari* to remove a resolution of the common council of the city of Trenton.

Argued at November Term, 1872, before Justices WOODHULL, DEPUE and VAN SYCKEL.

For plaintiffs, *Alfred Reed* and *James Wilson.*

Contra, *J. S. Aitkin* and *A. G. Richey.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The common council of the city of Trenton, on the 14th of November, 1871, resolved "that the street commissioner be directed to have the obstructions on West Canal street, between Perry street and the junction of the feeder and canal of the Delaware and Raritan Canal Company, removed ; and that before proceeding to do so, he give the property owners on said street two weeks' notice to remove such obstructions."   In pursuance of this resolution the street commissioner gave to the prosecutors notice in writing to remove within twenty days, from said street, all the buildings, sheds, fences, and other obstructions adjoining their property.

This *certiorari* is prosecuted to test the legality of these proceedings.

West Canal street, beginning at the junction of the feeder with the Delaware and Raritan canal, running along the westerly bank of the canal, across Perry, Academy, Commerce, Merchant, and State streets, to the Assanpink creek, was laid out as a public highway, by six surveyors of the highways, by their return dated November 18th, 1833, marked "filed in office of county clerk, December 7th, 1833," and recorded in volume 2 of the record of roads. No part of this street has ever been opened and used except that portion between State and Merchant streets, and more recently it has been used for part of its width from Perry to Merchant street.

The relators rest their case upon four principal reasons, which will be considered in the order in which they are stated.

1. That the return of the surveyors is void under the sixth section of the road act, because it was not filed within fifteen days after the date thereof.

2. That by the operation of the 78th section of the road act, (*Nix. Dig.* 836)* the said street has become vacated by non-user thereof for more than twenty years by the public.

3. That the prosecutors have acquired title by adverse pos-

---

* *Rev., p.* 1010, § 78.

session for more than twenty years to that part of the land along their line, which is claimed to be within the limits of the street.

4. That the defendants cannot, by the summary proceedings they have taken, determine the boundaries of a street, remove permanent obstructions and open the same.

The fifth section of the act concerning roads directs that the surveyors shall date, sign, and deliver the return to one of the applicants, who shall deliver or transmit it to the clerk, and the sixth section declares that in case of neglect or refusal of the applicant to deliver or transmit it to the clerk within fifteen days after its date, it shall be void.

The mere circumstance that it was marked filed on the 7th of December, is not conclusive evidence of the date of its transmission. The Court of Common Pleas to which the return was made had the right to determine the question of fact whether it was transmitted within due time so as to entitle it to be recorded, and it will be presumed after the lapse of so many years, from the fact that it actually was recorded, that that question was duly passed upon and adjudicated, so that it cannot be re-opened and litigated in this collateral way.

When by statute power over an entire subject matter is conferred upon a court of general jurisdiction, every intendment will be made in favor of the correctness of the proceedings, and they cannot be attacked collaterally where jurisdiction over the subject matter appears. *Den* v. *Hammell*, 3 *Harr*. 73; *State* v. *Lewis*, 2 *Zab.* 564; *Hess* v. *Cole*, 3 *Ib.* 116; *Stokes* v. *Middleton*, 4 *Dutcher* 32.

The city authorities have exercised unchallenged control over at least portions of this highway for many years, and by sundry ordinances, the first in 1849, and the last in 1851, vacated parts of it at the instance of land owners on its route who thus recognized its actual existence.

That it was not opened and appropriated to the public uses to its full width through its entire line, cannot affect the result, as it was within the discretion of the corporate body

to determine when they would use the extreme limit of their authority as against the adjacent land owners.

The act of March 24th, 1859, (*Nix. Dig.* 836, *pl.* 78,)* provides "that all public roads, having been laid out by surveyors or otherwise, and not opened, worked, or used for more than twenty years, shall be considered, and they are hereby vacated."

By the supplement to the charter of the city of Trenton, passed February 19th, 1847, it is provided that the power to lay out, vacate, widen, or alter public streets within said city be vested exclusively in the common council, but that the laying out of any road in said city theretofore by surveyors of the highways, shall be deemed valid so far as regards the power of the surveyors to lay the same.

The city charter having conferred upon the corporation power to regulate and lay out streets, the general road law will not apply to this case. *Cross* v. *Morristown*, 3 *C. E. Green* 305; *Taintor* v. *Morristown*, 4 *Vroom* 57. General legislation will not change or repeal by implication the powers conferred on particular municipalities, such repeal must be by express words. *The State* v. *Clarke*, 1 *Dutcher* 54.

These objections, therefore, which deny the existence of West Canal street as a lawful highway, cannot be sustained, nor does the claim of the relators that they have lawfully appropriated to their own use a portion of this street by holding it within their enclosure for over thirty years, rest upon any better foundation.

An encroachment upon a street cannot be legalized by mere lapse of time. *Cross* v. *Morristown*, 3 *C. E. Green* 305; *Taintor* v. *Morristown*, 4 *Vroom* 57; *Same* v. *Same*, 4 *C. E. Green* 46.

The remaining reason relates to the regularity of the proceedings taken by the defendants to open an existing highway over which their charter gives them exclusive control.

By the amended charter of the city, passed March 15th, 1866, (*Laws*, 1866, *p.* 373,) the common council have power

* *Rev., p.* 1010, § 78.

to make ordinances, rules, regulations, and by-laws to ascertain and establish the boundaries of all streets, avenues, highways, lanes, and alleys in said city, and prevent and remove all encroachments upon said streets, avenues, highways, lanes, and alleys.

The only ordinance passed by the common council is that of May 8th, 1866, entitled "an ordinance in relation to the street commissioner," the seventh section of which provides that the street commissioner shall have full power and authority to cause all streets to be opened to their proper width, and to cause encroachments to be removed if the owner fails to remove them after four weeks' notice.

Where the fact of encroachment is clear, and the determination of the extent to which it exists does not involve the consideration of any uncertain question, it may be removed by the street commissioner by the direction of the council under this ordinance. But the determination of the boundaries of a street requires action of a judicial nature to ascertain the precise character and extent of the encroachment, and parties to be affected by the adjudication have a right to be heard. When a street has never been opened and its exact location, as in this case, is in doubt, special action must be taken by the common council under the authority to establish the boundaries of streets. This judicial power is lodged by the city charter in their legislative body and cannot be by them delegated to the street commissioner. The resolution certified here not only directs the street commissioner to remove obstructions, but imposes upon him the duty of adjudicating where the true lines of the public way are. If he is permitted to exercise a function so important, the house of any citizen is liable to be wrongfully pulled down by error in the judgment of a tribunal before which he cannot be heard, and to which the legislature has not entrusted the determination of such weighty matters.

This judicial function must be assumed and exercised by the common council by ordinance, with special reference to the particular street to be opened, and a mode must be pro-

vided in which the parties to be affected may be heard. When the lines of the street are thus duly ascertained and established the street commissioner can execute the specific order which may be made for his guidance.

This view is in accordance with the rule which was adopted by Justice Bedle in *The State* v. *Jersey City*, 5 *Vroom* 32.

I am therefore of the opinion that the resolution in question is without authority and should be set aside.

CITED in *Price* v. *Inhabitants of Plainfield*, 11 *Vr.* 608.